IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Tommy Wilson, #350120, ) | |
| ) | C/A No. 9:15-2130-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Robert M. Stevenson, III, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Anthony Tommy Wilson is an inmate in custody of the South Carolina Department of Corrections. Petitioner currently is housed at the Broad River Correctional Institution in Columbia, South Carolina. On May 26, 2015, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends he was denied effective assistance of counsel in various respects. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

On September 23, 2015, Respondent Robert M. Stevenson, III filed a return and memorandum in response to Petitioner's § 2254 petition, as well as a motion for summary judgment. On September 24, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. After being granted an extension, Petitioner filed a response in opposition to Respondent's motion on December 16, 2015.

On February 24, 2016, the Magistrate Judge issued a Report and Recommendation in which he throughly recounted the facts of the underlying state action, including Petitioner's post-conviction

relief (PCR) action before the Honorable William H. Seals. The Magistrate Judge applied the deferential standard of review set forth in 28 U.S.C. § 2254(d) and concluded as to Ground One that the PCR judge's findings that Petitioner did not receive ineffective assistance of trial counsel did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented below. The Magistrate Judge further determined that Petitioner's claims of ineffective assistance of counsel as set forth in Ground Two was procedurally defaulted. Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted and that Petitioner's § 2254 petition be dismissed, with prejudice. Despite being granted an extension of time, Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Respondent's

motion for summary judgment (ECF No. 19) is **granted**. Petitioner's § 2254 petition is denied and dismissed, with prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 13, 2016

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**